IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MICHAEL GORDON, ) | C/A NO. 0:07-992-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| FORT MILL FORD, INC., AND ) | |
| SONIC AUTOMOTIVE, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

      Through this action, Plaintiff Michael Gordon ("Gordon") seeks recovery from his former employer, Fort Mill Ford, Inc., ("Fort Mill"), and Fort Mill's parent company, Sonic Automotive, Inc., ("Sonic"), for employment-related actions including termination. Gordon's claims are pursued under 42 U.SC. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and South Carolina law.[1]

## BACKGROUND

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On March 2, 2009, the Magistrate Judge issued a Report recommending that Defendant Sonic's motion for summary judgment be granted in full and that Defendant Fort Mill's motion be granted as to the state law claims and Title VII. The Magistrate Judge recommended that Gordon's Section 1981 claims for discriminatory discharge, retaliation, and harassment be allowed to proceed to trial.

---

[1] Plaintiff affirmatively abandoned his Title VII claims in response to Defendants' motion for summary judgment.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Neither party filed any objections.

### STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

### DISCUSSION

Because no objections were filed, the court has reviewed the Report for clear error. Having done so, the undersigned finds no clear error in the Report and concurs with the Report's analysis. The matter will proceed to trial under the schedule set forth below.

### TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. No later than **April 10, 2009**, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **May 1, 2009.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

3. No later than **May 12, 2009**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection.

5. Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[2] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the **June-July 2009**, term of court, with jury selection set for **June 18, 2009.**

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and grants summary judgment in full to Defendant Sonic and in part to Defendant Fort Mill (as to the Title VII and state law claims). The matter will proceed to trial under the schedule set forth above.

**IT IS SO ORDERED.**

                                        **s/ Cameron McGowan Currie**
                                        **CAMERON MCGOWAN CURRIE**
                                        **UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**March 23, 2009**

---

[2] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.